UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAIME L. RODRIGUEZ (BRAD H. MEMBER),

                     Plaintiff,

          - against -

CAMBA (WHERE YOU CAN) SUPPORTIVE
HOUSING, and NYC HOUSING COURT,

                     Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-8088 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Jaime L. Rodriguez ("Plaintiff"), who is currently detained at the Eric M. Taylor Center on Rikers Island ("Rikers Island"), filed the instant Complaint against CAMBA: Where You Can ("CAMBA") and the New York City Housing Court in the United States District Court for the Southern District of New York. (Complaint ("Compl."), Dkt. 1.) The action was transferred to this Court on October 30, 2023. (Dkt. 6.) Plaintiff's request to proceed *in forma pauperis* ("IFP") (*see* Dkt. 2) is granted for the purposes of this Order; however, for the reasons that follow, the Complaint is dismissed.

## BACKGROUND

Plaintiff describes himself as a "Brad H. Member" (*see* Compl., at ECF[1] 1), which is presumably a reference to *Brad H. v. City of New York*, a putative class action that resulted in a consent decree providing improved discharge procedures for class members with mental illnesses who were detained at Rikers Island. *See* Stipulation of Settlement, *Brad H. v. City of New York*,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

No. 117882/99 (N.Y. Sup. Ct. Jan. 8, 2003). Plaintiff states that he was wrongfully evicted from his residence at 494 Georgia Avenue in Brooklyn, New York ("Residence" or "494 Georgia Avenue"), on November 10, 2021, "because of allegations from other Brad H. Members of misconduct on [his] behalf in which nothing was ever proven to be true." (Compl., at ECF 4.) Plaintiff asserts that his rent "was supposed to be paid since the COVID-19 pandemic[] started but was never paid," and that "the Judge at 141 Livingston Street"[2] disregarded this when he ordered Plaintiff's eviction. (*Id.*)

Shortly after his eviction, Plaintiff's companion mental health cat disappeared and his personal belongings were "trashed in the garbage, including [his] 27 ebikes that [the Residence] decided to put in their parking lot without consulting with [him]." (*Id.*) Plaintiff asserts that he is "in jail now for committing petty + grand larceny of a Fly Wing motorcycle." (*Id.*) Plaintiff states that he has not had any medication since COVID-19. (*Id.*) Plaintiff further alleges that "[b]ecause of [his] wrongful[] eviction [he] caught an infection on [his] body with open wounds all on [his] hands and body from sleeping on the dirty Brooklyn streets." (*Id.* at ECF 5.)

Plaintiff brings this action against CAMBA, the non-profit organization that operates the supportive housing project at 494 Georgia Avenue from which Plaintiff was evicted,[3] and the New York City Housing Court. (*Id.* at ECF 1.) Although Plaintiff checked the box on the form complaint to allege that Defendants had violated his federal constitutional rights (*see id.* at ECF

---

[2] 141 Livingston Street is the address of the Kings County Civil Court, including the Housing Part. *See New York City Civil Court Directory*, NYCourts.gov, https://www.nycourts.gov/courts/nyc/civil/directory-court.shtml (last visited Nov. 29, 2023).

[3] *See Program Finder*, CAMBA, https://camba.org/program/find/ (last visited Nov. 29, 2023); *Mission & Values*, CAMBA, https://camba.org/about-us/mission-and-values/ (last visited Nov. 29, 2023).

2

2), he does not specify which of his constitutional rights were purportedly violated. He seeks $10 million in damages and a court order so "that no one [else] has to go through what [he] went through[]." (*Id.* at ECF 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). At the same time, the court must dismiss a case filed by an IFP plaintiff if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C.

§ 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). As the party invoking federal jurisdiction, the plaintiff "bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); *see also Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

### I. Plaintiff's Claims Against the New York City Housing Court

The Eleventh Amendment of the United States Constitution generally bars private litigants from bringing federal lawsuits for damages against states, state agencies, and state officials acting in their official capacity. *Bd. of Tr. of U. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment sovereign immunity also extends to governmental entities that function as an "an arm of the State." *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks omitted). The Second Circuit has consistently held that "the New York State Unified Court System is an arm of the State . . . and is therefore protected by Eleventh Amendment sovereign immunity." *Id.* at 366–67 (collecting cases); *see also id.* at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity" (internal citation omitted)); *Kelly v. N.Y. State Unified Ct. Sys.*, No. 21-1633, 2022 WL 1210665, at *3 (2d Cir. Apr. 25, 2022) (dismissing appeal of suit against New York state court on the basis of sovereign immunity).

4

In the present action, Plaintiff brings claims against the New York City Housing Court, which is part of the New York State Unified Court System. *See* N.Y. Const., Art. VI, § 1(a); *see also New York City Housing Court*, NYCourts.gov, https://www.nycourts.gov/courts/nyc/housing/index.shtml (last visited Nov. 29, 2023) ("The Civil Court of the City of New York consists of 3 parts: General Civil, Housing, and Small Claims."). Because the New York State Unified Court System is an "arm of the State," the New York City Housing Court is "protected by Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 366. Accordingly, the Eleventh Amendment bars Plaintiff's claims against the New York City Housing Court from proceeding in federal court. As such, Plaintiff's claims against the New York City Housing Court are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. Plaintiff's Claims Against CAMBA

The Court assumes that Plaintiff asserts his constitutional claims against Defendant CAMBA under Section 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a Section 1983 claim, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*,

5

13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

Section 1983 may extend to private individuals or organizations in certain limited circumstances, such as where the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." *Id.* at 51, 55. However, a private entity does not become a state actor merely by performing under a state contract or on the basis of "the private entity's creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Moreover, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974).

In the instant case, Plaintiff does not specify how Defendant CAMBA violated his constitutional rights, let alone any facts suggesting that CAMBA acted under color of state law. CAMBA is a private non-profit organization that provides social services, including supportive housing.[4] Plaintiff does not allege that CAMBA is a government actor, nor does he allege that CAMBA performs a public function sufficient to turn the organization or its employees into state actors for purposes of Section 1983 liability. The mere fact that CAMBA provides social services to the public is not enough to confer liability under Section 1983. *See Rendell-Baker*, 457 U.S. at 842 ("That a private entity performs a function which serves the public does not make its acts state

---

[4] *See Mission & Values*, CAMBA, *supra* note 3; *see also Our Programs*, CAMBA, https://camba.org/programs/ (last visited Nov. 29, 2023).

action."). Even if Plaintiff were to allege that CAMBA contracts with New York City to provide housing for people who cannot afford housing on their own, this too would fall short of turning CAMBA or its employees into state actors. *Reaves v. Dep't of Veterans Aff.*, No. 08-CV-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), *as corrected* (Jan. 14, 2009) ("[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors."). Accordingly, Plaintiff fails to state a claim against Defendant CAMBA under Section 1983.

The Complaint does not provide any other basis for this Court's subject matter jurisdiction over an eviction-related claim against a private landlord. "Federal courts do not have subject-matter jurisdiction over landlord-tenant matters." *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citations omitted); *see also Southerland v. NYCHA*, No. 10-CV-5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against NYCHA for lack of subject matter jurisdiction); *Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over Plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims."), *aff'd*, 191 F. App'x 23 (2d Cir. 2006). Furthermore, Plaintiff's allegations about his lost property, his missing cat, his use of medication, and his criminal proceeding do not suggest any federal claim against CAMBA. Accordingly, Plaintiff's claims against Defendant CAMBA are dismissed.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend his Complaint but finds that amendment would be futile. *See Johnson v. U. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, solely for purposes of this Order.   Although the Court is sympathetic to Plaintiff's circumstances, Plaintiff's Complaint is dismissed for the reasons explained above.

The Clerk of Court is respectfully directed to enter judgment and close this case.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:      December 19, 2023
            Brooklyn, New York